IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00358-BNB

JAMAAL WATKINS,

Plaintiff,

v.

C.P.O. NATHAN LOVE, #6993,
DIVISION OF ADULT PAROLE, and
COLORADO DEPARTMENT OF CORRECTIONS,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 1 2010

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Jamaal Watkins, initiated this action by filing *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that his constitutional rights have been violated. Mr. Watkins filed an amended complaint on February 25, 2010. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the amended complaint liberally because Mr. Watkins is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Watkins will be ordered to file a second amended complaint, name only the proper parties to the action, and assert personal participation by the proper parties.

The Court has reviewed the amended complaint and finds that it is deficient. Mr. Watkins asserts three claims. In general, Mr. Watkins alleges that Defendant Nathan

Love intercepted Plaintiff's legal mail relating to Colorado Court of Appeals Case No. 08-CA-2000. However, Mr. Watkins does not allege that he was injured by Defendant Love's actions. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994). Mr. Watkins must demonstrate an actual or threatened injury as a result of Defendant Love's actions. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

Mr. Watkins also may not sue the Colorado Department of Corrections or the Division of Adult Parole. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh

Amendment immunity, see *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Watkins also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Watkins must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Watkins may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Watkins uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Watkins will be directed to file a second amended complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. In order for Mr. Watkins to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her;

3

and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Jamaal Watkins, file **within thirty days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Watkins, together with a copy of this order, two copies of the Court-approved Complaint form to be used in submitting the second amended complaint. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Watkins fails to file an second amended complaint within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED March 11, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00358-BNB

Jamaal Watkins
Prisoner No. 138065
2323 Curtis St.
Denver, CO 80205

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 3/11/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk