IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00358-ZLW-CBS

JAMAAL WATKINS,
    Plaintiff,
v.

C.P.O. NATHAN LOVE, # 6993,
    Defendant.
_____

**AMENDED** RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE[1]
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Mr. Watkins' "Motion for Default Judgment" (filed August 31, 2010) (doc. # 20) and for failure to file proof of service of process on Defendant Love. Pursuant to the Order of Reference dated May 12, 2010 (doc. # 10), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, . . . ." Pursuant to the memorandum dated September 1, 2010 (doc. # 21), Mr. Watkins' Motion for Default Judgment was referred to the Magistrate Judge. The court has reviewed Mr. Watkins' Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se*, Mr. Watkins filed his initial Complaint on February 19, 2010, an Amended Complaint on February 25, 2010, and the Second Amended Complaint on April 6, 2010. (*See* docs. # 3, # 4, and # 7). Mr. Watkins purports to assert four claims pursuant to three criminal statutes, 18 U.S.C. § 1341, 18 U.S.C. § 1708, and 18 U.S.C.

---

[1] Amended solely to add "Advisement to Parties" at pages 6-7.

1

§ 1702. (*See* doc. # 7 at p. 2 of 8). Mr. Watkins alleges that in 2009 his parole officer, Defendant Love, erroneously received and retained his mail related to a criminal appeal he had filed in the Colorado state courts. (*See id*. at pp. 2-6 of 8). Mr. Watkins seeks punitive damages and injunctive relief in the form of "the prosecution of and investigation on" Defendant Love and "an investigation on the Division of Adult Parole." (*See id*. at pp. 7-8 of 8).

A.    Lack of Proof of Service of Process

Mr. Watkins is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* March 9, 2009 "Order Granting Leave to Proceed Pursuant to 28 U.S.C. §1915" (doc. # 5)). Pursuant to the May 17, 2010 "Order Granting Service by United States Marshal" (doc. # 11), a return of service was filed with the court on June 11, 2010. The return of service was completed by a United States Marshal deputy and indicated that three attempts were made to serve Defendant Love. The first attempt revealed that Defendant Love "no longer works at the Division of Adult Parol[e]" and left no forwarding address. (*See* doc. # 12). Service was twice again attempted at an alternate address in Centennial, Colorado without success. (*See* doc. # 12). Based upon the information before the court, Defendant Love cannot be served at the address provided to the court. To date, Defendant Love has not filed with the Clerk of the Court a signed waiver of service or appeared in the case.

As a *pro se* plaintiff proceeding *in forma pauperis*, Mr. Watkins is entitled to rely on the U.S. Marshal for service of the summons and complaint. However, there is no indication in this case that the U.S. Marshal or the court clerk have failed to perform

2

their duties to serve Defendant Love. The U.S. Marshal has thrice attempted service on Defendant Love based on an address provided to the court and based on independent investigation. (*See* doc. # 12). The court need not require the U.S. Marshal to further search for or attempt to serve Defendant Love.

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado, D.C. COLO. LCivR 41.1, on June 25, 2010, the court issued an Order to Plaintiff to Show Cause why this civil action should not be dismissed for failure to timely serve the Defendant, failure to prosecute this civil action, and failure to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure. (*See* doc. # 13). The court held a status conference on August 3, 2010. Mr. Watkins appeared in person, as he has not been incarcerated since this case was filed. At the Status Conference, the court discharged its June 25, 2010 Order to Show Cause and granted Mr. Watkins' oral motion for an extension of time of 30 days to attempt to serve Defendant Love himself. More than thirty days has since passed and Mr. Watkins has not filed with the court proof of service of process on Defendant Love.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

3

Fed. R. Civ. P. 4(m). Defendant Love has been named as a Defendant in this case since the filing of the initial Prisoner Complaint on February 19, 2010. As of this date, more than 120 days has passed since the filing of the initial Complaint and the record before the court indicates that Defendant Love has not been served with a summons and complaint in this action. A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc., v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). Mr. Watkins has not requested or shown good cause for any additional extension of time to serve Defendant Love. Sufficient time has been afforded and sufficient efforts have been made to serve Defendant Love such that Defendant Love may properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.

B.  Plaintiff's Motion for Default Judgment

Mr. Watkins has not filed proof of service on Defendant Love within the 30-day

extension granted by the court on August 3, 2010. Rather, on August 31, 2010, Mr. Watkins filed his Motion for Default Judgment.

Because a party has no duty to plead until properly served, valid service of process pursuant to Fed. R. Civ. P. 4 is a prerequisite to entry of a default judgment against a defendant. *See In Re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("judgment entered without personal jurisdiction over parties is void"); *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) (when court lacks personal jurisdiction any default judgment is void); *Dennis Garberg & Assocs. v. Pack-Tech International Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (court obligated to ensure it has personal jurisdiction over defendant before entering default judgment). As no proof of service of process on Defendant Love has been filed with the court, Defendant Love cannot be in default. Mr. Watkins' Motion for Default Judgment is properly denied.

Accordingly, IT IS RECOMMENDED that:

1. Mr. Watkins' "Motion for Default Judgment" (filed August 31, 2010) (doc. # 20) be DENIED.

2. This civil action be dismissed without prejudice for failure to timely serve the Defendant, failure to prosecute this civil action, and failure to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Colorado.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 7th day of September, 2010.

BY THE COURT:


　　　s/Craig B. Shaffer　　　
United States Magistrate Judge